UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>BARBARA EBERLE,<br><br>    Defendant. | No. 2:07-cr-00366-GEB-4<br><br>**ORDER** |

On November 7, 2016, Defendant Barbara Eberle filed in propria persona a motion for modification of her sentence under 18 U.S.C. § 3582(c)(2), arguing that her advisory sentencing guideline range has been "lowered by the United States Sentencing Commission pursuant to Amendment 794 . . ." (Def.'s Mot., ECF No. 381.) The government filed an opposition to the motion, arguing the reduction of sentence Defendant seeks is "based upon the Sentencing Commission's passage of Amendment 794, which became effective November 1, 2015[; and since] Defendant's motion [is brought] under 18 U.S.C. § 3582(c)(2)[, it] triggers a two-step analysis to determine whether to grant a sentence reduction." (Gov't's Opp'n 2:23-3:1, ECF No. 384 (citing Dillon v. United States, 560 U.S. 817, 826 (2010).) The government contends the motion should be denied because Defendant has not shown that Amendment 794 applies retroactively to her sentence, which is the first step of the analysis required by Dillon. (See Gov't's Opp'n 4:10-14.)

The Supreme Court states in Dillion:

> Section 3582(c)(2) . . . authorizes a reduction . . . only 'if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission'—namely, § 1B1.10. The statute thus establishes a two-step inquiry. A court must first determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).

Dillon, 560 U.S. at 826 (quoting 18 U.S.C. § 3582(c)(2)).

The Ninth Circuit held in United States v. Quintero-Leyva, 823 F.3d 519, 524 (9th Cir. 2016), that "Amendment 794 applies retroactively in direct appeals." Defendant's direct appeal was dismissed by the Ninth Circuit on September 2, 2015, "in light of the valid appeal waiver," and the Mandate concerning the dismissal was filed on September 25, 2015.

Amendment 794 "is not listed in the version of § 1B1.10(d) that became effective on November 15, 2015." United States v. Sanchez-Garcia, No. CR-98-2073-FVS, 2016 WL 4521690, at *2 (E.D. Wash. Aug. 29, 2016). Therefore, Defendant has not shown that § 3582(c)(2) authorizes the court to consider the reduction of sentence she seeks, and the motion is denied.

Dated: November 16, 2016

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

2