UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BARBARA EBERLE,<br><br>Defendant. | No. 2:07-CR-0366 KJM<br><br><br><br>ORDER |

Defendant Barbara Eberle filed a motion for early termination of supervised release. The government has opposed the request and defendant has replied. The motion is DENIED, as explained below.

I. <u>BACKGROUND</u>

On March 11, 2014, following her conviction for securities fraud, 15 U.S.C. § 77q(a), defendant Barbara Eberle ("Eberle") was sentenced by Judge Garland E. Burrell to 60 months in prison followed by 36 months of supervised release. ECF No. 351 (Sentencing Mins.). In addition, the court imposed a total restitution obligation of $13,208,003.54, jointly and severally with co-defendant Robert Eberle. *Id.* Eberle began her term of supervised release on July 13, 2018, and moved for early termination under 18 U.S.C. § 3583(e)(1) on January 8, 2020. Mot., ECF No. 390. Eberle asks for early termination largely based on what she says is her exemplary behavior for the past six years. *Id.* at 2. The government opposes Eberle's early

1

termination motion. Opp'n, ECF No. 393. Also, Eberle's probation officer does not support early termination. *Id.* at 2. For the following reasons, having carefully considered the question, the court DENIES Eberle's motion.

II.    <u>LEGAL STANDARD</u>

After a defendant has served at least one year on supervised release, a court may terminate the defendant's term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817 (9th Cir. 2014). In making this determination, courts consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. 18 U.S.C. §§ 3553(a)(1)- (a)(7).

"It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *Emmett*, 749 F.3d at 824 (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *Id.* (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997)). But because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

## III. DISCUSSION

After carefully considering the parties' submissions and all the statutory factors, the court finds the defendant has not met her burden of presenting facts and circumstances to warrant early termination of supervised release. *See* 18 U.S.C. §§ 3553(a), 3583(e)(1). Based on the circumstances of this case, the fifth and sixth factors are not applicable here. The court reviews the remaining factors below.

The first factor involves the nature and circumstances of the offense. Ms. Eberle was found guilty of securities fraud. Judgment, ECF No. 353. The government opposes Eberle's request for early termination on grounds that "she defrauded at least 291 individual investors of over $13 million . . . One victim stated: 'I was devastated by my loss of $70,000. This was all the money I had.' . . . Another couple stated that their investment of $116,572 was their retirement savings . . . they were in their seventies without any hope for future employment." Opp'n at 2. Another victim wrote, "[Barbara Eberle] looks and acts like a kindhearted grandma. How could a grandma knowingly take money from people . . . I don't know who to trust anymore." *Id.* 2–3. Finally, the government contends the "Eberles profited from their scheme. Between 2001 and 2006, their companies received approximately $2,885,448.92 in commissions." *Id.* at 3. Given the large amount of money involved, the number of victims, and the harm Eberle's crime caused for the victims, this factor weighs against granting early release.

The second factor involves deterrence of criminal conduct. The government contends, "[w]hile on supervision, Eberle has not always been forthright" with her probation officer. *Id.* For example, according to her probation officer, "Eberle hid a bank account with thousands of dollars [and] has refused to answer some of her probation officer's questions." *Id.* at 2. While her filings are not verified, defendant counters she has "a good relationship with [her] probation officer . . . [and] there have been no violations." Reply at 1. Further, defendant notes "she has been forthright in answering what [she] is able to recall." *Id.*[1] This factor is neutral at best.

---

[1] The court has conferred with the probation officer who is supervising Ms. Eberle in the Eastern District of Virginia, and who confirms the government's representation of her position.

3

The third factor, protection of the public, weighs against granting early termination. Defendant argues her marriage to co-defendant husband "Bob Eberle is in name only. There is no communication with him" and their divorce is on hold "due to expenses . . . for eye surgery not covered by Medicare." Mot. at 1. The government counters it is unclear "whether defendant in fact does not communicate with her co-defendant husband Robert Eberle," *id*. at 3, and notes, "it is suspicious they both filed requests for early termination within days of each other." *Id.* Having been part of a joint scheme with her co-defendant husband to commit this crime, any potential residual connection weighs against granting early termination.

The fourth factor involves participation in educational or vocational training. Defendant argues that, while in custody of the Fairview Halfway House, she enrolled in "a credited 4-month 'Customer Service' course . . . and received [her] certification. [Defendant] graduated number one in [her] class." Mot. at 1. Defendant was then hired by Stratford University to teach in their mathematics department and has been teaching since October 2018. *Id.* In February 2018, Eberle also joined a church. *Id.* All three instances are positive signs that defendant intends to be a productive member of society and continue complying with the law. The court finds this factor weighs in favor of granting termination of supervised release.

Next, the court considers the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. Here, defendant and her co-defendant husband received similar sentences and he has not been granted early termination of supervised release, so this factor is neutral.

The remaining § 3553 factor for the court to consider is the need to provide restitution to any victims of the offense. The government argues, "Eberle owes over $13 million to her victims, who were individual investors in life settlements or viatical settlements." *Id.* at 2. Under the supervision of probation defendant is required to pay $25 a month. *Id.* The government notes, Eberle has never independently paid any additional sums. *Id.* It is "unclear whether Eberle will continue paying any restitution if her supervised release is terminated early." *Id.* Eberle notes she has paid restitution as required, including while incarcerated, and her tax

4

refunds also have been garnished. Mot. at 1. Here, a $25 a month payment comes nowhere near satisfying the victims' losses in this case. Because of the need for continued payment of restitution, with close supervision, the court finds this factor too weighs in favor of denying Eberle's motion for early termination of supervised release.

On balance, the § 3553 factors weigh against granting early termination of Eberle's supervised release. Accordingly, having considered the defendant's post-incarceration conduct, as well as the opposition by the government and probation office, this court finds that Eberle's request for early termination of her supervised release is unwarranted, and it does not serve the interest of justice. Therefore, the motion is DENIED.

IT IS SO ORDERED.

DATED: March 19, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE